**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CLYDE B. WILLIAMS,** ) | **CASE NO. 4:04CV00341** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| **vs.** ) | |
| ) | **OPINION AND ORDER** |
| **OHIO DEPARTMENT OF** ) | |
| **REHABILITATION AND** ) | |
| **CORRECTIONS, ET AL.,** ) | |
| | |
| **Defendants.** | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion for Summary Judgment filed by Defendant Todd Ishee, Warden of the Ohio State Penitentiary. For the reasons that follow, Defendant's Motion is granted.

**I.  FACTUAL BACKGROUND**

Plaintiff, Clyde B. Williams, is an African-American male who has been employed by the Ohio Department of Rehabilitation and Corrections since 1991. Williams worked as a Correction

Officer at other institutions prior to his transfer to the Ohio State Penitentiary on August 17, 1997. On February 19, 2004, Williams filed a complaint alleging various claims relating to the allegation that he was denied promotions based on his race. Williams amended his complaint on July 29, 2004 to allege only a 42 U.S.C. § 1983 claim against Warden Todd Ishee for failure to promote on the basis of race; and he dismissed the Ohio Department of Rehabilitation and Corrections on January 5, 2005.

The lowest level in the State of Ohio Classification Specification for the Correction Officer Series is Correction Officer. The levels progress up to Sergeant/Counselor, followed by Correction Lieutenant, Correction Captain and Correction Major. While with the Ohio Department of Rehabilitation and Corrections, Williams has neither held any supervisory positions nor served as Sergeant, Lieutenant, Captain, or Major. During Ishee's term as Warden, which began on July 30, 2001, there has been one Sergeant posting. Williams did not apply for it. According to the affidavit of the Penitentiary personnel officer, Williams has never applied for any Lieutenant position since Ishee became Warden.

Williams applied for a Captain opening posted from February 3, 2004 through February 17, 2004. He was not selected. George Frederick, a black male, who had been a Lieutenant in Trumbull Correctional, then a Captain in Toledo Correctional, and on occasion, an Acting Major, was chosen instead.

Williams also applied for the Captain opening posted from May 27, 2003 through June 6, 2003. He was not selected. Christopher Harris, a white male, who was a Lieutenant at Lorain Correctional and Toledo Correctional, and later became Captain at Toledo Correctional, was

chosen instead.

Williams likewise applied for the Major opening posted for May 27, 2003 through June 6, 2003. He was not selected. Gary Parker, a white male, who was a Lieutenant at Toledo Correctional, as well as a Captain and Acting Major there, was chosen instead.

Williams contends that Warden Ishee violated the Equal Protection Clause of the Fourteenth Amendment by engaging in racial discrimination with regard to his employment and attempts at advancement.

## II. LAW AND ANALYSIS

### STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.". *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is not material unless it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). When no reasonable jury could return a verdict for the non-moving party, no genuine issue exists for trial. *Id.*

### QUALIFIED IMMUNITY

42 U.S.C. § 1983 provides for the redress of constitutional violations committed by state actors while acting under the color of state law. The Supreme Court of the United States determined, that when § 1983 was enacted, it was the congressional intent that certain common law

immunities from liability apply in cases brought pursuant to that section — absolute immunity and qualified immunity. *See generally Scheuer v. Rhodes*, 416 U.S. 232, 241-249 (1974). Absolute immunity, asserted commonly by judges and prosecutors, shelters such a defendant, despite committing a constitutional violation, from liability if the act was committed within the scope of defendant's official duties. *Stump v. Sparkman*, 435 U. S. 349, 356-357 (1978).

According to the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Court must inquire, viewing the facts in a light most favorable to the plaintiff, whether a constitutional violation has occurred; whether the violation involved a clearly established right of which a reasonable person would be aware; and whether there is sufficient evidence that the official's action or conduct was objectively unreasonable. *Feathers v. Aey*, 319 F. 3d 843, 848 (6th Cir. 2003). The Supreme Court has announced the policy that district courts are to terminate § 1983 cases where the defendants are entitled to qualified immunity as early in the litigation process as possible. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). It is the plaintiff's burden to establish that the defendant is not entitled to qualified immunity. *Jones v. Beatty*, 4 F. Supp. 2d 737, 742 (N.D. Ohio 1998). Thus, if a plaintiff fails to assert sufficient allegations to withstand the qualified immunity defense, a court may dismiss the complaint. *Martin v. City of Eastlake*, 686 F. Supp. 620 (N.D. Ohio 1988).

In the instant matter, Williams alleges that Ishee did not promote him to the Captain or

Major positions he sought because of his race and in violation of the Equal Protection Clause of the U.S. Constitution.  As a rule, the plaintiff bears the burden in a race discrimination in employment case of demonstrating that (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was replaced by a person outside of the protected class or that similarly situated, non-protected class members were more favorably treated.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Failure to prove any one of the elements by a preponderance of the evidence mandates dismissal of the plaintiff's case.  *Shah v. General Electric Co.*, 816 F. 2d 264 (6th Cir. 1987).

Defendant does not dispute that Williams is a member of a protected class.  Defendant also admits that Williams was denied promotions to Captain and Major at the Ohio State Penitentiary. Williams points out that the minimum qualifications for the position of Captain are a high school diploma or its equivalent; three years training or experience in enforcement of security methods for detention of felons or the criminally insane in a controlled environment; and twelve months training or experience in supervisory principles or techniques.  Tenure as a sergeant or a lieutenant is not a requirement for the Captain's position.  Accepting that Williams meets those minimum qualifications, he has no evidence that similarly-situated, non-black Correction Officers were treated more favorably than he.  One individual who was promoted, George Frederick, is an African-American and is unavailable as a comparable.  Williams has always been a Corrections Officer and has yet to serve in a supervisory position in the Ohio prison system.  All three of the men selected over Plaintiff had the supervisory experience in other institutions that Williams lacks.  All three followed a natural progression through the ranks which Williams did not.  Plaintiff cannot establish that the jobs

performed by him and by the "comparable" individuals involved equal skill, effort and responsibility. Williams has not sufficiently established that he was similarly-situated to the persons promoted to the positions he applied for; and, therefore, he has failed to meet his burden as to a necessary element of his race discrimination claim.

Furthermore, in order to demonstrate that Warden Ishee is not entitled to qualified immunity for his actions (if a constitutional violation were established), Williams must prove by a preponderance of the evidence that Ishee's decisions to promote others instead of Williams was objectively unreasonable. The process by which Ishee considered individuals who followed the natural progression through the corrections ranks and who had supervisory experience in other Ohio penal institutions was a logical and rational exercise of discretion. This Court will not second-guess such a hiring/promotion decision – that is, in the absence of any demonstration of racial bias or pretext. As was pointed out previously, one of the candidates promoted was an African-American. The other two served as Acting Captain or Major or held the position in another Ohio institution. Williams provides no evidence, nor has he sought relief under Fed. R. Civ. P. 56(f) to obtain affidavit evidence, that his applications were declined for other than objectively rational reasons.

### III. CONCLUSION

Since Williams is not similarly-situated, in terms of supervisory experience, with any of the individuals selected over him, and since, under the qualified immunity standard, the Warden's decisions were not objectively unreasonable, Williams has not established a clear constitutional violation and has failed to meet his burden of proving Warden Ishee is not entitled to immunity from

liability for civil damages.  Defendant Todd Ishee's  Motion for Summary Judgment is granted and Plaintiff's Amended Complaint is, therefore, dismissed.

**IT IS SO ORDERED.**

**DATE**: June 21, 2005

/s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
(Signed original on file)